**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 3, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RYAN GREGORY BRACKEN,

    Defendant - Appellant.

No. 25-4005
(D.C. No. 2:24-CR-00132-TS-1)
(D. Utah)

_____

**ORDER AND JUDGMENT***
_____

Before **TYMKOVICH**, **BALDOCK**, and **PHILLIPS**, Circuit Judges.
_____

Ryan Gregory Bracken appeals his convictions under 18 U.S.C. §§ 875 and

§ 2261A and his counsel has moved to withdraw under *Anders v. California*,

386 U.S. 738 (1967).  After conducting the review required by *Anders*, and

exercising jurisdiction under 28 U.S.C. § 1291, we dismiss this appeal.

_____

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

Bracken stopped paying his mortgage and his lender foreclosed.  Eventually, an auction to sell his house was scheduled for April 8, 2024.  In the weeks before that date, Bracken placed many angry and profane phone calls threatening to kill attorneys involved in the foreclosure and various officials and employees of the Salt Lake County Sheriff's, Recorder's, and Assessor's Offices.[1]

Based on his threats, Bracken was arrested on April 5, 2024 and indicted on April 17, 2024.  After holding a *Faretta* hearing, the district court granted his request

---

[1] Bracken's calls and voicemails included such statements as:
- There is a f***ing tall tree with a short rope with all of your barrister f**ing names on it." *Anders Br.* at 5 (internal quotation marks omitted) (quoting audio recording).
- "[I]f you think you're gonna come and serve an eviction notice . . . you better come armed 'cause if not you're gonna get shot." *Id.* (internal quotation marks omitted) (ellipses in original) (quoting audio recording).
- "As soon as you put one f***ing leg, foot, onto my property I will spit red hot f***ing 7.62 by 39 millimeter lead at your f***ing head and your f***ing center mass." *Id.* (internal quotation marks omitted) (quoting audio recording).
- "If you proceed with the . . . auction . . . I will open fire with 7.62 by 39 millimeter on anybody and all who step foot on this property . . . follow through with that f***ing phony fraudulent f***ing public auction . . . and I'll see you on the 8th and then I'll f***ing shut you down there too." *Id.* at 7 (internal quotation marks omitted) (quoting audio recording).
- "The first sheriff shows up at my house to try to evict me . . . I will open fire on them." *Id.* at 11 (internal quotation marks omitted) (quoting audio recording).
- "If the sheriff sale goes down, as scheduled . . . I will hold [the Sheriff] responsible for treasonous acts and she will swing from a rope I guarantee it . . . ." *Id.* at 12 (internal quotation marks omitted) (quoting audio recording).

2

to represent himself.  He proceeded to trial, with counsel from the Federal Public Defender (FPD) acting as standby counsel.  A jury convicted him of one count of interstate communication of threats, § 875(c), and five of criminal stalking, § 2261A(2), acquitting on one § 2261A count.  The district court imposed a below-Guidelines sentence of 60 months' imprisonment and 36 months' supervised release.

After Bracken filed a notice of appeal, the FPD filed an *Anders* brief.  Bracken was sent a copy of that brief and filed a pro se opening brief in response.  The government indicated it would not file a response.

## II.

Under *Anders*, defense counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous."  *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005).  If counsel makes that determination, he must "submit a brief to the client and the appellate court indicating any potential appealable issues based on the record."  *Id.*  "The client may then choose to submit arguments to the court."  *Id.*  We then fully examine the record "to determine whether defendant's claims are wholly frivolous."  *Id.*  If we conclude they are, we may dismiss the appeal.  *See id.*

## III.

After conducting the review required by *Anders*—including both the issues identified in the *Anders* brief and the contentions in Bracken's pro se brief—we agree with the FPD that the appeal is "wholly frivolous."  *Anders*, 386 U.S. at 744.

3

*Pretrial Motions and Rulings*:  In pretrial filings, Bracken:  argued the district court and/or federal government lacked jurisdiction over him, *see* R. vol. 1 at 193–95; requested dismissal of the prosecution or a declaration it was a "sham," *id.* at 361 (capitalization omitted); sought discovery of such extraneous items as the "Court's DUN & Bradsteet number," *id.* at 253; and relatedly asked for voir dire questions based on his own views of the law, *see id.* at 373.  The district court rejected these requests, describing them as "indicative of the sovereign citizen movement or otherwise wholly unsupported or nonsensical," and "completely without merit and patently frivolous."  *Id* at 385 (internal quotation marks omitted); *see also id.* at 75–78.  We agree.  It would be wholly frivolous for Bracken to appeal these rulings. *See, e.g., United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status  . . . as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts.  These theories should be rejected summarily, however they are presented.").[2]

We also see no non-frivolous basis for Bracken to appeal the district court's ruling that his threats were not protected by the First Amendment.  *See* R. vol. I at 75–76 (citing *Counterman v. Colorado*, 600 U.S. 66, 74 (2023) (stating "[t]rue threats of violence" are not protected speech) (internal quotation marks omitted)).

_____

[2] Bracken calls himself an "American State National Civilian," rather than a sovereign citizen.  R. vol. III at 766.  This does not change our analysis.  And, like his pretrial motions, there is no non-frivolous ground to appeal the district court's denial of his post-conviction motion to vacate the judgment, which made similar frivolous arguments.  *See* R. vol. I at 579–80 & 588–92.

*Exclusion of Evidence Regarding Legality of Foreclosure:*  The district court did not abuse its discretion by restricting Bracken from presenting evidence or argument regarding the legality of his foreclosure.  *See* R. vol. I at 392.  It allowed him to "make reference to the fact that [he] believe[d] the foreclosure . . . was done illegally;" but, to avoid "a mini trial over the merits of [the] foreclosure," R. vol. III at 244, prevented him from going into detail, and stopped him from testifying about the validity of his mortgage or his belief it "was not in arrears."  *Id.* at 603.

It would be frivolous for Bracken to appeal these evidentiary rulings, which we review only for abuse of discretion, giving "deference to a district court's familiarity with the details of the case and its greater experience in evidentiary matters."  *United States v. Rudolph*, 152 F.4th 1197, 1229 (10th Cir. 2025) (internal quotation marks omitted).  The legality of the foreclosure was not relevant to the criminal charges or to any fact in dispute at trial.  The district court acted within its discretion to exclude this irrelevant evidence.  *See id.*; Fed. R Evid. 401–403.

*Sufficiency of the Evidence:*  The district court denied Bracken's Federal Rule of Criminal Procedure 29 motion for a judgment of acquittal.  *See* R. vol. I at 561–75.  As to the § 2261A convictions, it found the trial evidence sufficient to establish the required elements: (1) Bracken used a facility of interstate commerce, (2) with intent to harass and intimidate, and (3) his conduct caused or would be reasonably expected to cause the victims substantial emotional distress.  *See* R. vol. I at 567 (citing 18 U.S.C. § 2261 and *Counterman*, 600 U.S. at 79–80).  The court likewise found the evidence sufficient to prove Bracken violated § 875 by (1) knowingly transmitting a

communication containing a threat to cause physical injury, (2) with the intent to make a threat or knowledge it would be viewed as such, (3) in interstate commerce. *See* R. vol. I at 574.

It would be frivolous for Bracken to appeal these rulings. As the district court described, the evidence showed Bracken made the calls using a cellular phone, and the voicemail underlying the § 875 charge was delivered by an out-of-state server, thus satisfying the interstate commerce elements. We also agree the evidence was sufficient to prove the other § 2261A elements, based on the number and tone of Bracken's calls, the specificity of his threats, and the fact he possessed a Kalashnikov rifle and ammunition of the type he repeatedly threatened to use against the victims. The evidence also supported the § 875 conviction, showing Bracken called an employee in the County Recorder's office and threatened him with "death" as the punishment for "treason." R. vol. I at 575 (internal quotation marks omitted); *Anders* Br. at 16 (transcribing voicemail). We see no non-frivolous grounds for Bracken to appeal the district court's denial of his Rule 29 motion.

*Reasonable Doubt Jury Instruction*: The district court gave a jury instruction on reasonable doubt and the presumption of innocence that differed from our pattern instruction. *See* R. vol. I at 529–30. But Bracken did not object to it, so any error is subject only to plain-error review. *See United States v. Fishman*, 645 F.3d 1175, 1193 (10th Cir. 2011). Because the instruction was neither a misstatement of the law nor misleading to the jury, there is no non-frivolous argument that would meet the plain error standard. *See United States v. Sockey*, 157 F.4th 1282, 1285 (10th Cir.

2025) (stating "district courts have substantial latitude and discretion in tailoring and formulating jury instructions" and "[i]nstructions need not be perfect") (internal quotation marks omitted); *Tillman v. Cook*, 215 F.3d 1116, 1127 (10th Cir. 2000) (approving instruction that "taken as a whole . . . correctly conveyed the concept of reasonable doubt").

  *Conditional Threats Jury Instruction*:  At trial, Bracken repeatedly claimed to have made only "harsh conditional statements," but not threats.  R. vol. III at 617; *see also, e.g.*, *id.* at 634, 640, 695.  Given this testimony, the government requested a jury instruction on conditional threats.  Bracken objected the requested instruction was untimely because it was tendered after the district court's pre-trial deadline for submitting proposed instructions.  *See id.* at 653.  But he did not object to its statement of the applicable law.

  We see no non-frivolous argument that the district court abused its discretion by accepting this instruction, which the government requested after the court's pre-trial deadline, but before closing arguments, and in response to specific trial testimony.  *See* Fed. R. Crim. P. 30(a) (providing requests for jury instructions "must be made at the close of the evidence or at any earlier time that the court reasonably sets"); *see also United States v. Teerlink*, 141 F.4th 1126, 1133 (10th Cir. 2025) ("District courts are given significant latitude over case management.").  And because the instruction did not misstate the law, there is no non-frivolous argument that the district court plainly erred by giving it.  *See United States v. Dillard*, 795 F.3d 1191, 1200 (10th Cir. 2015) ("[A] statement may constitute a true threat

even if it is conditional."); *Sockey*, 2025 WL 30726209, at *2 (emphasizing district courts' discretion in formulating jury instructions).

*Sentencing*:  A Presentence Investigation Report (PSR) calculated Bracken's guideline imprisonment range as 108 to 135 months, after increasing the offense level for the § 2261A convictions because (1) Bracken possessed a dangerous weapon and engaged in "a pattern of activity involving stalking, threatening, harassing, or assaulting the same victim," U.S.S.G. § 2A6.2(b)(1), and (2) his threats were motivated by the victims' status as government officials, U.S.S.G. § 3A1.2(a), (b). The district court adopted this calculation, rejecting Bracken's argument that the § 2A6.2(b)(1) enhancement impermissibly double counted his conduct.  It then imposed a 60-month prison sentence.

There is no non-frivolous argument that the district court engaged in impermissible double counting, which "occurs when the same conduct . . . is used to support separate increases under separate enhancement provisions which necessarily overlap, are indistinct, and serve identical purposes." *United States v. Campus*, 147 F.4th 1147, 1151 (10th Cir. 2025) (internal quotation marks omitted).  The district court did not apply overlapping or indistinct enhancements; rather, it correctly concluded the §§ 2A6.2(b)(2) and 3A1.2(a) enhancements both applied to Bracken's conduct.  We see no non-frivolous grounds for Bracken to appeal that ruling, or to otherwise appeal his significantly below-guidelines sentence.

IV.

Bracken's pro se brief presents only frivolous and undeveloped assertions. We construe his filings liberally, but without acting as his advocate. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). His contentions are similar to the those from his pretrial motions, as summarized above. For instance, Bracken states this case was "brought quasi in rem" and therefore "has no validity toward the appellant in personam;" he asserts "[t]he appellant never appeared in Court" and the government "never had a prescribed title or paramount title to the property." Aplt. Opening Br. 2. He also asserts his convictions violated the Double Jeopardy clause, but does not explain how. Because these contentions are plainly frivolous, and because Bracken cites no supporting authority, we reject them summarily. *See Benabe*, 654 F.3d at 767; Fed. R. App. P. 28(a)(8)(A) (requiring appellant to cite authorities on which he relies); *Garrett*, 425 F.3d at 840–41 (concluding pro se appellant forfeited review by failing to comply with Rule 28).

V.

The *Anders* procedures were satisfied and, after conducting the required review, we conclude that Bracken's appeal is wholly frivolous. We therefore grant counsel's motion to withdraw and dismiss this appeal.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

9